IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT

```
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA,     :
                              :
         Plaintiff,           :     Criminal No. 13-00031-JKB
                              :
    v.                        :
                              :
RYAN LOHR,                    :
                              :
         Defendant.           :     Baltimore, Maryland
                              :
- - - - - - - - - - - - - - - x     January 30, 2013
```

**UNSEALED HEARING**

BEFORE THE HONORABLE JUDGE JAMES K. BREDAR

APPEARANCES:

For the Government:          FORREST S. CHRISTIAN, Esq.
                             P. MICHAEL CUNNINGHAM, Esq.
                             SANGAY PATEL, Esq.
                             U.S. Department of Justice
                             Civil Rights Division
                             Criminal Section
                             601 "D" Street, N.W.
                             Washington, D.C.  20004

For the Defendant:           SHAUN F. OWENS, Esq.
                             Schrachman, Belsky & Weiner
                             300 East Lombard Street
                             Suite 1100
                             Baltimore, Maryland  21202

Audio Operator:              HOWARD GOLDSMITH

Proceeding recorded by electronic sound recording,
transcript produced by transcription service.

Transcription Company:          CompuScribe
                                5100 Forbes Boulevard
                                Suite 101
                                Lanham, Maryland  20706
                                301/577-5882

## <u>I N D E X</u>

                                                                Page

<u>Advice</u> <u>of</u> <u>Rights</u>:
     by Judge James K. Bredar                                    3

<u>Review</u> <u>of</u> <u>Count</u> <u>Information</u>:
     by Judge James K. Bredar                                   25

<u>Factual</u> <u>Basis</u>:
     by Forrest S. Christian, Esq.
     On Behalf of the Government                                27

Court to Defendant                                             32

<u>Findings</u>:
     by Judge James K. Bredar                                   33

| <u>EXHIBITS</u>: | <u>FOR</u> IDENTIFICATION | <u>IN</u> EVIDENCE |
|---|---|---|
| <u>For</u> <u>the</u> <u>Government</u>: | | |
| 1 | 13 | 37 |
| 2 | 32 | -- |

1                          P R O C E E D I N G S

2              THE COURT:  Good afternoon, receipt of pleas.

3   Mr. Christian, you may call the case.

4              MR. CHRISTIAN:  Good afternoon, Your Honor.  It is

5   13-031, United States versus Ryan Lohr.

6              THE COURT:  Okay.  Appearances.

7              MR. CHRISTIAN:  Forrest Christian for the United

8   States.  I am here with my colleague, Sangay Patel.

9              THE COURT:  Thank you.  Mr. Owens.

10             MR. OWENS:  Your Honor, on behalf of the Defendant,

11  Shaun Owens, present with my client, Mr. Ryan Lohr, standing

12  here to my right at trial table.

13             THE COURT:  Thank you.  And, sir, are you

14  Ryan Lohr?

15             THE DEFENDANT:  Yes, Sir.

16             THE COURT:  Did I pronounce your name correct?

17             THE DEFENDANT:  Yes, Sir.

18             THE COURT:  Mr. Owens, I would be grateful if you

19  and your client would approach the podium.

20             MR. OWENS:  We certainly will, Your Honor.

21             THE COURT:  So, Mr. Lohr, this is your first

22  appearance in court, I take it, on this matter, is that

23  right?

24             THE DEFENDANT:  Correct.

25             THE COURT:  So, we are here to advise you of your

1    rights and then to undertake other proceedings as well.

2          Have you received a copy of the Information, which

3    the Government proposes to file against you here in a few

4    minutes?

5          THE DEFENDANT:  Yes, Sir.

6          THE COURT:  And have you received a copy of this

7    document titled Waiver of Indictment?

8          THE DEFENDANT:  Yes, Sir.

9          THE COURT:  Have you talked with your lawyer about

10   your right to be charged with this offense only by way of

11   Grand Jury Indictment?

12         THE DEFENDANT:  Yes, Sir.

13         THE COURT:  And understanding that you have the

14   right to  have this matter first presented to a Federal Grand

15   Jury, for their consideration, you nonetheless wish to waive

16   that right and consent to the Government charging you without

17   going to the Grand Jury, simply filing a piece of paper in

18   the court that amounts to an accusation.  Is that right?

19         THE DEFENDANT:  Yes, Sir.

20         THE COURT:  You understand what I am talking about

21   here?

22         THE DEFENDANT:  Yes, Sir.

23         THE COURT:  You reviewed this procedure with your

24   lawyer?

25         THE DEFENDANT:  Yes, Sir.

1            THE COURT:  And you have confirmed that, Mr. Owens,

2    you have gone over your client's right to Grand Jury

3    Indictment with him?

4            MR. OWENS:  We have indeed, Your Honor.

5            THE COURT:  Very well.  I acknowledge this Waiver

6    of Indictment in this case and approve it and accept it.

7            You have been charged -- and I now authorize the

8    Government to file their One Count Information against the

9    Defendant, which was present provisionally previously on the

10   eighteenth of January.  It is now formally accepted for

11   filing and docketing against the Defendant.

12           This is in one Count.  And the general gist of this

13   is that you are accused from on or about March 9th of 2008 to

14   at least November 2nd of 2012, here in Maryland of willfully

15   combining, conspiring and agreeing with other known RCI

16   Correctional Officers, which must be Roxbury Road -- but let

17   us see if you got that defined in here somewhere, Roxbury

18   Correctional Institution Officers and Supervisors, to commit

19   an offense against the United States, that is to obstruct

20   justice and destroy evidence in violation of Title 18 of the

21   United States Code, Sections 1512 and 1519.

22           And -- allegedly it was the plan and purpose of the

23   conspiracy of which you were a member to provide

24   investigators with false and misleading information about the

25   March 9th, 2008 beating of an inmate, whose initials were KD.

1   And to cover up other information in order to insure that

2   your roll in the assault on this inmate would not be

3   discovered.  And that the involved officers would be shielded

4   from liability.

5           And then you and your fellow conspirators are

6   accused of engaging in overt acts in furtherance of that

7   conspiracy.

8           If you are convicted on this one Count you face a

9   maximum possible penalty of five years in prison, a

10  $250,000.00 fine or both plus -- is it three years on

11  supervised release -- three years -- up to three years on

12  supervised release and a hundred dollar Special Assessment.

13          Do you feel, Mr. Lohr, that you understand the

14  nature of the charge pending against you and the maximum

15  possible penalty that could be imposed upon you?

16          THE DEFENDANT:  Yes, Sir.

17          THE COURT:  You have the right to remain silent.

18  You are not required to make any statements.  Anything you do

19  say may be used against you in future court proceedings.

20          You have the right to be represented by an attorney

21  in all stages of the proceedings, from this point forward,

22  this means that you have the right to counsel during any

23  questioning by the Government, during any investigative

24  proceeding, and certainly during all future court

25  appearances.

1              If you could not afford an attorney one will be

2    appointed for you to be paid for by the Government, without

3    any cost to you.

4              Do you understand your right to remain silent?

5              THE DEFENDANT:  Yes, Sir.

6              THE COURT:  Do you understand your right to legal

7    counsel?

8              THE DEFENDANT:  Yes, Sir.

9              THE COURT:  Please raise your right hand.

10             (Whereupon, the Defendant was sworn.)

11             THE COURT:  Please state your full name for the

12   record.

13             THE DEFENDANT:  Ryan William Lohr.

14             THE COURT:  How old are you?

15             THE DEFENDANT:  Twenty-six.

16             THE COURT:  What year were you born?

17             THE DEFENDANT:  1986.

18             THE COURT:  What is your address?

19             THE DEFENDANT:  11200 Crescent Mill Road,

20   Flintstone, Maryland, 21530.

21             THE COURT:  Have you taken any medication or

22   alcohol or medication into your body in the last 24 hours?

23             THE DEFENDANT:  No, Sir.

24             THE COURT:  Is there anything about your status

25   here this afternoon that is compromising your ability to

1    think clearly or --

2            THE DEFENDANT:  No, sir.

3            THE COURT:  -- understand what is going on?

4            THE DEFENDANT:  I understand what is going on, Sir.

5            THE COURT:  Okay.  You agree, Mr. Owens, based on

6    your time with your client today?

7            MR. OWENS:  Absolutely, Your Honor.

8            THE COURT:  Okay.  And, Mr. Lohr, your plan for

9    obtaining a lawyer in this case.  I take it that you have

10   hired Mr. Owens to represent you, is that right?

11           THE DEFENDANT:  Yes, it was through the Legal

12   Defense Plan that --

13           THE COURT:  Through your union or through --

14           THE DEFENDANT:  Yes.

15           THE COURT:  -- somehow you had counsel made

16   available to you.

17           THE DEFENDANT:  Right.

18           THE COURT:  And counsel has been retained to

19   represent you?

20           THE DEFENDANT:  Yes.

21           THE COURT:  You may not be directly paying the

22   lawyer but you have a lawyer who is representing you as far

23   as you are concerned?

24           THE DEFENDANT:  Yes, Sir.

25           THE COURT:  And you are not requesting that the

1   Court appoint counsel to represent you under the Criminal

2   Justice Act?

3              THE DEFENDANT:  Correct.

4              THE COURT:  Any reason to believe that the

5   Defendant is not a U.S. citizen?

6              MR. CHRISTIAN:  Not for the Government, Your Honor.

7              THE COURT:  Mr. Owens?

8              MR. OWENS:  No, Your Honor.  I believe I have good

9   information to suggest that he is a U.S. citizen.

10             THE COURT:  Okay.

11             (Pause)

12             THE COURT:  And so, Mr. Lohr, a few minutes ago,

13   this One Count Information was filed against you.  It is my

14   understanding that today you wish to enter a plea of Guilty

15   with respect to this Information, is that right?

16             THE DEFENDANT:  That is correct.

17             THE COURT:  That your understanding as well,

18   Mr. Owens?

19             MR. OWENS:  It is, Your Honor.

20             THE COURT:  The Defendant has already been sworn,

21   so we will proceed now with the Arraignment.  State your full

22   name for the record.

23             THE DEFENDANT:  Ryan William Lohr.

24             THE COURT:  Again the year of your birth?

25             THE DEFENDANT:  1986.

1          THE COURT:  Making you how old?

2          THE DEFENDANT:  Twenty-six.

3          THE COURT:  And you have obviously just received a

4    copy of the Information that was filed against you, right?

5          THE DEFENDANT:  Correct.

6          THE COURT:  Do you understand that Information?

7          THE DEFENDANT:  Yes, Sir.

8          THE COURT:  And you listened carefully a moment ago

9    when I reviewed the specific charge to which you intend to

10   plead Guilty, right?

11         THE DEFENDANT:  That is correct.

12         THE COURT:  So, how do you plea, guilty or not

13   guilty?

14         THE DEFENDANT:  Guilty.

15         THE COURT:  Mr. Lohr, before I can accept your

16   Guilty plea I must ask you a number of questions and consider

17   the answers that you give me in response to those questions

18   so please listen carefully and answer and respond as best you

19   are able.  If at any time you need to stop and speak your

20   attorney, just indicate that you need a moment to do that and

21   we will pause and allow you to confer with him.  Okay?

22         THE DEFENDANT:  Okay.

23         THE COURT:  Do you understand that you are now

24   under oath and that if you answer any of my questions falsely

25   you will be subject to another prosecution for perjury or for

1   making a false statement?

2               THE DEFENDANT:  Yes, I understand, Sir.

3               THE COURT:  You understand that?

4               THE DEFENDANT:  Yep.

5               THE COURT:  How far did you go in school?

6               THE DEFENDANT:  Twelfth grade.

7               THE COURT:  Are you having any difficulty

8   understanding me?

9               THE DEFENDANT:  No, Sir.

10              THE COURT:  Are you current -- well, we covered

11  your competency when we advised you a moment ago.

12              Have you fully discussed the charges in the

13  Information with your lawyer?

14              THE DEFENDANT:  Yes, Sir.

15              THE COURT:  And the case in general?

16              THE DEFENDANT:  Yes, Sir.

17              THE COURT:  Are you fully satisfied with the legal

18  representation that you have received from Mr. Owens?

19              THE DEFENDANT:  Yes, Sir.

20              THE COURT:  You believe that your attorney has

21  given you good advice?

22              THE DEFENDANT:  Yes, Sir.

23              THE COURT:  Do you believe that he has been as

24  zealous and affective legal advocate --

25              THE DEFENDANT:  Absolutely.

1              THE COURT:  -- on your behalf?

2              THE DEFENDANT:  Absolutely.

3              THE COURT:  And I understand, Mr. Christian and

4    Mr. Owens, that there is a Plea Agreement in the case, is

5    that right?

6              MR. OWENS:  Correct, Your Honor.

7              MR. CHRISTIAN:  That is correct, Your Honor.

8                               (The document referred to was

9                               marked for identification as

10                              Government's Exhibit 1.)

11             THE COURT:  It will be marked as the Government's

12   Exhibit No. 1.  It will be received at the conclusion of this

13   proceeding.

14             (Pause)

15             THE COURT:  Mr. Christian, turning to page six, you

16   signed this Plea Agreement and bound the Government to its

17   terms, is that right?

18             MR. CHRISTIAN:  That is correct, Your Honor.

19             THE COURT:  Turning to page seven, Mr. Owens,

20   please read into the record out loud the paragraph preceding

21   your client's signature

22             MR. OWENS:  I am Ryan Lohr's Attorney.  I have

23   carefully reviewed every part of this --

24             THE COURT:  No.  Before you client's signature.

25             MR. OWENS:  Pardon me, Your Honor, I though you

1   were asking for mine.  Before Mr. Lohr's signature it reads,

2   I have read this Agreement including the Sealed Supplement

3   and carefully reviewed every part of it with my attorney.  I

4   understand it and I voluntarily agree to it.  Specifically, I

5   have reviewed the factual and advisory Guidelines'

6   stipulation with my attorney and I do not wish to change any

7   part of it.  I am completely satisfied with the

8   representation of my attorney.

9           THE COURT:  Mr. Lohr, is that your statement?

10          THE DEFENDANT:  Yes, Sir.

11          THE COURT:  Is it true?

12          THE DEFENDANT:  Yes, Sir.

13          THE COURT:  And did you sign it where I see the

14   blue ink signature of Ryan Lohr?

15          THE DEFENDANT:  Yes, Sir.

16          THE COURT:  Mr. Owens, you signed the Plea

17   Agreement, as well, after the standard statement for a

18   Defense Counsel in this context, is that right?

19          MR. OWENS:  I did, Your Honor.

20          THE COURT:  Mr. Lohr, did you have an opportunity

21   to read and discuss the Plea Agreement with your lawyer

22   before you signed it?

23          THE DEFENDANT:  Yes, Sir.

24          THE COURT:  Have you fully reviewed each and every

25   term of that Plea Agreement with your attorney?

1            THE DEFENDANT:  Yes, Sir.

2            THE COURT:  Do you understand it?

3            THE DEFENDANT:  Yes, Sir.

4            THE COURT:  Okay.  Under the terms of the Plea

5    Agreement, I understand you have agreed to plead Guilty to

6    the One Count Information.  I understand that the Government

7    has agreed that at the time of sentencing it will ask the

8    Court to impose a sentence that falls within the applicable

9    Sentencing Guidelines range.  Any Sealed Supplement to this

10   Plea Agreement is also a part of the Agreement.  We will

11   discuss any Sealed Supplement separately under Seal.  There

12   may or may not be a Sealed Supplement in the case.

13           Have I correctly summarized your Agreement?

14           THE DEFENDANT:  Yes, Sir.

15           THE COURT:  Do you agree that the Government's

16   Exhibit No. 1, together with any Sealed Supplement, sets out

17   the entire Agreement that you have made with the Government

18   and that there are no other agreements or promises that have

19   been made?

20           THE DEFENDANT:  Yes, Sir.

21           THE COURT:  Has any made any promises or assurances

22   that --

23           THE DEFENDANT:  No, Sir.

24           THE COURT:  -- are not in the Plea Agreement --

25           THE DEFENDANT:  No --

1          THE COURT:  -- or any Sealed Supplement to persuade

2   you to accept the Plea Agreement?

3          THE DEFENDANT:  No, Sir.

4          THE COURT:  Has anybody made any threats or used

5   any violence or force against you or against someone close to

6   you in order to persuade you to accept this agreement?

7          THE DEFENDANT:  No, Sir.

8          THE COURT:  Do you understand that the Court is not

9   a party to the Agreement?

10          THE DEFENDANT:  Yes, Sir.

11          THE COURT:  Do you understand that to the extent

12   the terms of the Plea Agreement allow the parties to make

13   sentencing recommendations to the Court?  That I can reject

14   those recommendations without permitting you to withdraw your

15   plea of Guilty?

16          THE DEFENDANT:  Yes, Sir.  I understand.

17          THE COURT:  Do you understand that I may impose a

18   sentence that is more severe then you may be expecting?

19          THE DEFENDANT:  Yes, Sir.

20          THE COURT:  Are you pleading Guilty of your own

21   free will because you are guilty?

22          THE DEFENDANT:  Yes, Sir.

23          THE COURT:  The offense to which you are pleading

24   guilty is a felony offense.  If I accept your guilty plea you

25   will be judged guilty of that offense and that adjudication

1    may deprive you of valuable civil rights, such as the right

2    to vote, the right to hold public office, the right to serve

3    on a jury, the right to obtain or keep certain benefits, like

4    student loans or public housing, the right to obtain certain

5    permits and licenses and the right to possess any kind of a

6    firearm.  Do you understand that you may lose all of those

7    rights if you plead guilty?

8              THE DEFENDANT:  Yes, Sir.

9              THE COURT:  Any necessity for immigration status

10   advisement, Mr. Christian?

11             MR. CHRISTIAN:  No, Your Honor.

12             THE COURT:  Mr. Owens?

13             MR. OWENS:  No, Your Honor.

14             THE COURT:  Maximum possible penalty for this

15   offense, as we have already discussed, is five years in

16   prison.  You understand that?

17             THE DEFENDANT:  Yes, Sir.

18             THE COURT:  Do you understand that if you are

19   ordered incarcerated, that as a part of your sentence you

20   will ordered to serve a term of supervised release, with a

21   maximum term of three years, after you are released from

22   incarceration?

23             THE DEFENDANT:  Yes, Sir.

24             THE COURT:  Do you understand that while on

25   supervised release you will be subject to supervision and

1    that you will be required to comply with certain conditions?

2              THE DEFENDANT:  Yes, Sir.

3              THE COURT:  You understand that if you violate the

4    terms and conditions of supervised release that you could be

5    returned to prison for a term that may be as great as the

6    term of supervised release and that upon return to prison you

7    may not be given credit for your street time?

8              THE DEFENDANT:  Yes, Sir.

9              THE COURT:  Do you understand that you may be

10   required to pay a fine or the maximum amount of $250,000.00

11   as an additional consequence if your Guilty plea is accepted?

12             THE DEFENDANT:  Yes, Sir.

13             THE COURT:  Do you understand that the Court may

14   also order you to pay restitution to any victim of your

15   offense?

16             THE DEFENDANT:  Yes, Sir.

17             THE COURT:  Forfeiture issues in this case,

18   Mr. Christian?

19             MR. CHRISTIAN:  No, Your Honor.

20             THE COURT:  Do you understand that you must pay

21   a Special Assessment of $100.00 if you Guilty plea is

22   accepted?

23             THE DEFENDANT:  Yes, Sir.

24             THE COURT:  Do you understand that the Court may

25   order you to provide notice of your conviction to certain

1    third parties including victims if your Guilty plea is

2    accepted?

3              THE DEFENDANT:  Yes, Sir.

4              THE COURT:  Do you understand all these possible

5    consequence of your Guilty Plea?

6              THE DEFENDANT:  Yes, Sir.

7              THE COURT:  You sentence will be determined by the

8    Court after consulting the United States Sentencing

9    Guidelines, which are advisory.  After considering possible

10   departures from those Guidelines as permitted in Federal

11   Sentencing Law, and after considering other sentencing

12   factors, that are set out in Title 18 of the United States

13   Code, Section 3553(a).

14             Have you and your attorney talked about how the

15   Sentencing Guidelines might apply in your case?

16             THE DEFENDANT:  Yes, Sir.

17             THE COURT:  Now, I have looked at the Plea

18   Agreement in this case and it is quite general in its

19   reference to the Sentencing Guidelines.  No, particular

20   computation is set out there that, Mr. Owens, I assume you

21   have reviewed with your client, your sense of how the

22   Sentencing Guidelines will be computed.  And, of course, this

23   is without any reference to any matters that might or might

24   not be addressed in the Sealed Supplement to the Plea

25   Agreement.  But is that a fair assumption on my part?

 1              MR. OWENS:  That is a fair assumption, Your Honor.

 2              THE COURT:  And do you recall what the base Offense

 3   Level is in this case and where this matter ends up after

 4   points are accepted -- points are subtracted for acceptance

 5   of responsibility?

 6              MR. OWENS:  I do not, Your Honor.  But I have the

 7   calculations in my office.

 8              THE COURT:  Mr. Christina, do you?

 9              MR. CHRISTIAN:  Yes, Your Honor.  The United States

10   believes that it would come out at a 31, as a total Offense

11   Level, prior to any acceptance of responsibility.  And the

12   Government would seek that a three level reduction in any

13   acceptance at the appropriate time.

14              THE COURT:  So, twenty-eight one is what you are

15   saying?

16              MR. CHRISTIAN:  That is correct, Your Honor.

17              THE COURT:  Which calls for a sentence of between

18   78 and 97 months of imprisonment.  And of course, there is a

19   five year statutory maximum in the case.

20              Are these numbers that you are familiar with,

21   Mr. Lohr?

22              THE DEFENDANT:  Yes, Sir.

23              THE COURT:  Okay.  Do you understand that the Court

24   will not be able to finally determine the Guidelines range

25   for your case until after the Pre-Sentence Report has been

1   completed and after you and the Government have had an

2   opportunity to challenge the computation, reported facts and

3   the proposed application of the Guidelines by the Probation

4   Department?

5           THE DEFENDANT:  Yes, Sir.

6           THE COURT:  Do you understand that any criminal

7   history you may have will affect the computation of the

8   Sentencing Guidelines in your case?

9           THE DEFENDANT:  Yes, Sir.

10          THE COURT:  You understand that in addition to

11  considering the Sentencing Guidelines and any departures from

12  the Guidelines that under 18 United States Code, Section

13  3553(a), the Court will apply additional factors set out

14  there and then may impose a sentence that is either greater

15  or lesser then that specified by the Sentencing Guidelines

16  and any departures thereunder?

17          THE DEFENDANT:  Yes, Sir.

18          THE COURT:  Do you understand that the sentence

19  ultimately imposed may be different from any estimate that

20  your attorney may have provided to you?

21          THE DEFENDANT:  Yes, Sir.

22          THE COURT:  Do you understand that parole has been

23  abolished and that if you are sentenced to a term of

24  incarceration you will not be released on parole?

25          THE DEFENDANT:  Yes, Sir.

1          THE COURT:  Do you understand that under some

2    circumstances you may have a right to appeal your conviction

3    in this case?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  You understand that you and/or the

6    Government may be entitled to appeal any sentence that I

7    impose?

8          THE DEFENDANT:  Yes, Sir.

9          THE COURT:  You understand that by entering into

10   the Plea Agreement in this case, and if your Guilty plea is

11   accepted, you will have waived or given up your right to

12   appeal your conviction and your sentence?

13         THE DEFENDANT:  Yes, Sir.

14         THE COURT:  In other words, whatever sentence that

15   you get from me, you are going to be stuck with?  You cannot

16   take it to another Court.

17         THE DEFENDANT:  I understand, Sir.

18         THE COURT:  Okay.  You understand that you are not

19   required to plead guilty in this case.

20         THE DEFENDANT:  Yes, Sir.

21         THE COURT:  Do you understand that you have the

22   right to plead not guilty to any offense charged against you

23   and to persist in that not guilty plea?

24         THE DEFENDANT:  Yes, Sir.

25         THE COURT:  Do you understand that if you plea not

1    guilty you would then have a right to a trial by jury?

2              THE DEFENDANT:  Yes, Sir.

3              THE COURT:  Do you understand that if your lawyer

4    and the Government's lawyer were to assist me -- that your

5    lawyer and the Government's lawyer would assist me in

6    selecting twelve members of the community who would be

7    brought into this courtroom, seated in this jury box over

8    here to your left, and who would serve as your jury?

9              THE DEFENDANT:  Yes, Sir.

10             THE COURT:  Do you understand that at a trial you

11   would be presumed to be innocent and that the Government

12   would be required to prove your guilt beyond a reasonable

13   doubt to the unanimous satisfaction of the jury and that if

14   the Government could not do that, you could not be convicted

15   in the case?

16             THE DEFENDANT:  Yes, Sir.

17             THE COURT:  Do you understand that a trial in

18   every other critical stage of the proceedings in your case

19   you are entitled to the assistance of a competent attorney to

20   assist you, to advise you, to represent you and to advocate

21   for you?

22             THE DEFENDANT:  Yes, Sir.

23             THE COURT:  Do you understand that if you cannot

24   afford an attorney one will be appointed to represent you at

25   no cost to you?

1              THE DEFENDANT:  Yes, Sir.

2              THE COURT:  Do you understand that during your

3     trial you would have the right to see and hear all of the

4     witnesses and that you and your attorney would be permitted

5     to question or cross-examine all the witnesses testifying

6     against you?

7              THE DEFENDANT:  Yes, Sir.

8              THE COURT:  Do you understand that you would have

9     the right to present the testimony of your own witnesses.  If

10    those witnesses would not come to court voluntarily, you

11    would be permitted to subpoena them and force them to come to

12    court?

13             THE DEFENDANT:  Yes, Sir.

14             THE COURT:  Do you understand that you would have

15    the right to testify yourself during your trial?

16             THE DEFENDANT:  Yes, Sir.

17             THE COURT:  Do you understand that you would also

18    have the right to decline to testify, and that if you so

19    decline, the fact that you did not testify during your trial

20    could not be held against you in any way?

21             THE DEFENDANT:  Yes, Sir.

22             THE COURT:  Do you understand that if you elected

23    to present no defense at all at trial that could not be held

24    against you?

25             THE DEFENDANT:  Yes, Sir.

1          THE COURT:  Do you understand that if you were

2    convicted after a trial and you could appeal that conviction

3    to a higher Court?

4          THE DEFENDANT:  Yes, Sir.

5          THE COURT:  Do you understand that after you enter

6    a plea of Guilty, if that plea is accepted by the Court,

7    there will be no trial?

8          THE DEFENDANT:  Yes, Sir.

9          THE COURT:  And -- you will have waived or given up

10   your right to a trial as well as the other rights associated

11   with a trial, as I have just explained them to you?

12         THE DEFENDANT:  Yes, Sir.

13         THE COURT:  You have indicated that you intend to

14   plea Guilt to this One Count Information.  I want to review

15   with you now what we call the essential elements of that

16   offense.  These are the things that the Government would have

17   to prove in order for you to be convicted in this case.

18   Okay?

19         First, they would have to prove that two or more

20   persons agreed to commit an offense against the United

21   States, as charged in the Information.

22         Second, they would have to prove that you were a

23   party to or a member of that agreement.

24         Third, they would have to prove that you joined the

25   agreement or the conspiracy.  Knowing of its objective to

1    obstruct justice and destroy evidence.  And intending to join

2    together with at least one of the other -- one other alleged

3    co-conspirators to achieve that objective.

4           Fourth, they would have to prove that at some time

5    during the existence of the agreement of the conspiracy that

6    at least one of its members performed an overt act in order

7    to further the objectives of the agreement.

8           Fifth, they would have to prove that this

9    conspiracy, this crime of conspiracy occurred, at least in

10   part, within the District of Maryland.

11          Last of all, they would have to prove that this

12   misconduct occurred from on or about March 9th of 2008

13   through at least November 2nd of 2012.  Actually from an

14   elemental standpoint, they would have to prove that it

15   happened at some time during that period.

16          You understand that these are the essential

17   elements of the offence.  And if the Government could not

18   prove each and every one of these elements beyond a

19   reasonable doubt to the unanimous satisfaction of the jury,

20   you could not be convicted on that county?

21          THE DEFENDANT:  Yes, Sir.

22          THE COURT:  Before I can accept your Guilty plea I

23   must be satisfied that there is a factual basis for it.

24          (Pause)

25          THE COURT:  Directing your attention to what has

1    been marked as Attachment A to the Government's Exhibit

2    No. 1, titled Factual Basis.  You have that in front of you?

3              THE DEFENDANT:  Yes, Sir.

4              MR. OWENS:  We do, Your Honor.

5              THE COURT:  At the very bottom of the second page

6    of that document I see the signature of Ryan Lohr, is that

7    your signature?

8              THE DEFENDANT:  Yes, Sir.

9              THE COURT:  And when you signed at the bottom was

10   the purpose -- was that to indicate that you are telling the

11   Court that the statements contained on these two pages in

12   Attachment A, Factual Basis, are true?

13             THE DEFENDANT:  Yes, Sir.

14             THE COURT:  Okay.  The Government will go ahead now

15   and provide us with the Factual Basis for the Guilty plea.

16   And at your option, Mr. Christian, you may read this document

17   into the record, or summarize it, whatever you see fit.

18             MR. CHRISTIAN:  Okay, Your Honor.  Thank you.

19   Your Honor, if this matter went to trial the United States

20   would prove beyond a reasonable doubt that the Defendant,

21   Ryan Lohr, conspired with other Roxbury Correctional

22   Institution officers to commit an offense against the United

23   States, including obstruction of justice offenses, in

24   violation of Title 18, United States Code, Sections 1512

25   and 1519.

1          Defendant Lohr admits that this conspiracy was in

2     violation of Title 18, United States Code, Section 371.

3          On or about March 9th, 2008 Defendant Lohr was

4     employed at RCI as a correctional officer.  On or about

5     March 9th, 2009 the Defendant Lohr learned during Roll Call

6     that an inmate by the initials KD had been moved to the

7     administrative segregation intake area, or ASIA, because

8     Inmate KD had assaulted an RCI officer from a previous shift.

9          Defendant Lohr was assigned to a part of the

10    medical unit which included ASIA and that at some point

11    Officer TH asked Defendant Lohr to come to ASIA.  Defendant

12    Lohr walked to ASIA where he saw Officers TH, LK, MM, RM and

13    DN.  Defendant Lohr understood that the officers had gathered

14    in ASIA to assault Inmate KD in retaliation for KD's assault

15    on an officer.  And that the officers were waiting for

16    Defendant Lohr to open the cell door.  Defendant Lohr opened

17    the door to Inmate KD's cell.

18         Defendant Lohr watched from the cell door as those

19    officers entered the cell and beat Inmate KD.  Officers used

20    their feet and fists to strike Inmate KD on his head, face

21    and body.  Defendant Lohr saw that Inmate KD was lying on the

22    ground when the officers beat him.  Defendant Lohr did not

23    observe Inmate KD act in a manner that warranted any use of

24    force.  Defendant Lohr recognized the force officers used on

25    Inmate KD was unjustified and unlawful and was intended to

1   injure and punish Inmate KD for his prior assault on a RCI

2   officer.  Defendant Lohr observed Inmate KD had been injured

3   by this assault.

4          Defendant Lohr stood by the door of Inmate KD's

5   cell and watched the assault.  He did not intervene or

6   otherwise attempt to prevent these officers from assaulting

7   Inmate KD.

8          During the assault Supervisor JH arrived in ASIA.

9   Supervisor JH also did nothing to stop the assault.

10          Shortly after this assault Supervisor ES arrived in

11   ASIA.  Supervisor ES located the surveillance recording tapes

12   and said that he was taking care of the issue.  Supervisor ES

13   waved what appeared to be a magnet over several surveillance

14   tapes.  Defendant Lohr understood this to be an effort by

15   Supervisor ES to erase surveillance footage.  Supervisor ES

16   then hid the device in the drop ceiling.

17          Although Inmate KD had some visible injuries to his

18   face prior to this assault, Inmate KD appeared to have

19   additional injuries after this assault during the day shift.

20          After the assault Defendant Lohr directed others to

21   clean up blood in Inmate KD's cell.  And in so doing

22   Defendant Lohr sought to conceal and cover up of the day

23   shift's assault on Inmate KD.

24          Inmate KD was escorted to the medical dispensary to

25   receive treatment for his injuries.  And later was taken to

1   the hospital.

2          In the aftermath of the assault of Inmate KD,

3   Defendant Lohr met with Officers TH, LK, MM, RM and DN at RCI

4   to discuss the investigations into the assault.  Defendant

5   Lohr and the other officers agreed to provide false

6   statements to the investigators inquiring about the assault

7   on Inmate KD.

8          Defendant Lohr and the officers agreed they would

9   falsely claim that they had no knowledge of how Inmate KD had

10  been injured and they would falsely deny having participated

11  in the assault.  And that Lohr knew that these claims were

12  untrue.

13         Defendant Lohr advised these officers to tell

14  investigators that he did not see -- they did not see

15  Defendant Lohr in ASIA.  When Defendant Lohr met with RCI and

16  Maryland State Police Investigators regarding the incident

17  involving Inmate KD, Defendant Lohr concealed that he and his

18  co-conspirators were involved in a cover up on the assault on

19  Inmate KD.  And provided investigators with false and

20  misleading statements about the beating.

21         Among other lies Defendant Lohr falsely told RCI

22  and MSP investigators that he did not witness anyone

23  assaulting or beating Davis.  Defendant Lohr also falsely

24  denied that he or other RC officers did not do anything to

25  injure -- I am sorry --

1          THE COURT:  They denied that they did anything?

2          MR. CHRISTIAN:  Yes.  Denied that they did anything

3   to injure Inmate KD during their shift on March 9th, 2008.

4          After providing investigators with a false

5   statement Defendant Lohr communicated with another officer

6   who was not involved in the beating.  Defendant Lohr

7   instructed this officer not to tell investigators that he,

8   Defendant Lohr, was in ASIA at the time the other officers

9   were.

10          THE COURT:  If there was a trial in this case,

11   Mr. Lohr, could the Government prove those facts?

12          THE DEFENDANT:  Yes, Sir.

13          THE COURT:  In conducting proceedings under Rule 11

14   of the Federal Rules of Criminal Procedure in every case this

15   Court proceeds to an *in camera* segment.  The transcript of

16   which is sealed.  In order to determine the content of any

17   sealed supplement to the Plea Agreement this portion of the

18   proceedings is sealed and the record shall remain sealed

19   until I order otherwise.

20          Ordinarily I clear the courtroom at this point but

21   there is no one present today other than direct participants

22   in this proceeding.  We will make a record of his presence,

23   in addition to myself and my Courtroom Deputy, the Defendant

24   is here, his lawyer and three Federal Prosecutors.

25          Mr. Christian, you agree no one else is present?

1          MR. CHRISTIAN:  I believe the Defendant's mother is

2   present as well.

3          THE COURT:  Oh.  Okay.  Ma'am, if you would now

4   mind stepping out of the courtroom, I would be grateful.  And

5   with the exclusion of the Defendant's mother, do you agree,

6   Mr. Christian, that no one else is present?

7          MR. CHRISTIAN:  I do, Your Honor.

8          THE COURT:  Mr. Owens, do you agree that no one

9   else is present?

10          MR. OWENS:  There is no one else in the courtroom,

11   Your Honor.

12          THE COURT:  Okay.  And we will go back on to an

13   open and public record.  Mr. Cunningham, I would be grateful

14   if you invited the Defendant's mother to rejoin us.

15          Mr. Lohr, do you understand that if I accept your

16   Guilty Plea I will refer your case to the United States

17   Probation Office for this District and direct them to prepare

18   a Pre-Sentence Report.  And only after I have reviewed the

19   contents of that report and only after the Government and you

20   and your attorney have had the opportunity to respond to the

21   report, will I then impose sentence in your case?

22          THE DEFENDANT:  I understand, Sir.

23          THE COURT:  So, we started this about half an hour

24   ago with me asking you how you pled to this One Count

25   Information.  You told me that you pled Guilty.  And then I

1    responded to you by saying, well, I cannot accept your Guilty

2    plea just yet, instead I need to have what is essentially a

3    conversation with you where I ask you a series of questions

4    and listen to the answers that you give me in order to

5    determine whether I think you know what you are doing this

6    afternoon.

7          But having been through that process now, where we

8    have discussed your rights, your right to proceed to trial,

9    your relationship with your lawyer, the potential sentence

10   that you could receive, all the matters that I have deemed

11   relevant to this matter, having discussed all that now, I

12   have concluded that I think you do know what you are doing.

13         So, I am going to circle back to where I started

14   and end where I started, which is by asking you how you

15   plead.  But this time your answer is for keeps.  You with me?

16             THE DEFENDANT:  Yes, Sir.

17             THE COURT:  So, how do you plead to this One Count

18   Information in this case, guilty or not guilty?

19             THE DEFENDANT:  Guilty.

20             THE COURT:  It is the finding of the Court in

21   this case of the United States versus Ryan Lohr, case

22   No. JKB-13-031, that the Defendant is fully competent and

23   capable of entering an informed plea, that the Defendant is

24   aware of the nature of the charges and consequences of the

25   Guilty plea, and that the Guilty plea is a knowing and

1   voluntary plea supported by an independent basis in fact

2   containing each of the essential elements of the offense.

3   The plea is therefore accepted.  And the Defendant is judged

4   guilty of that offense.

5           Written Pre-Sentence Report will be prepared by the

6   Probation Office.  The Defendant is instructed to provide the

7   Probation Office with the information that it requests as it

8   prepares that report.  The Defendant's attorney may be

9   present when the Probation Officer interviews the Defendant.

10  The Defendant and his attorney will be permitted to read the

11  Pre-Sentence Report and file any objections to that report

12  before the Sentencing Hearing.

13          During the Sentencing Hearing the Defendant and his

14  attorney shall have the right to speak, to allocute before

15  sentence is imposed.

16          Mr. Christian, are there any victims of this

17  offense present and if so, do they wish to speak today?

18          MR. CHRISTIAN:  They are not present, Your Honor.

19          THE COURT:  Similarly, if any victims are present

20  at the time of sentencing they will be afforded an

21  opportunity to address the Court.

22          Government's position with respect to release or

23  detention pending sentencing?

24          MR. CHRISTIAN:  Your Honor, we concur with the

25  recommendation from Pre-Sentence Services.

1              THE COURT:  I reviewed their report and if there

2     anything you wish to add, Mr. Owens?

3              MR. OWENS:  Your Honor, I would simply ask you to

4     follow the recommendation provided.

5              THE COURT:  The -- report demonstrates to my

6     satisfaction that the Defendant is not a flight risk and does

7     not pose a danger to the community.  So, I accept its

8     recommendation and the Defendant will be released on his own

9     recognizance without supervision from Pre-Trial Services.  I

10    am not going to enter an Order in that regard.  Simply, Mr.

11    Lohr, you are going to be obligated to remain in close

12    contact with your lawyer between now and the time of

13    sentencing.

14             So, you know what your obligations are, what

15    meetings you must attend and so forth, and the most

16    importantly you must be here to -- receive your sentence on

17    the -- specified date.  Which I propose as June 18th, 2013

18    at two o'clock in the afternoon.  Is that convenient,

19    Mr. Owens?

20             MR. OWENS:  Yes, Your Honor.  That will work.  And

21    I believe in speaking with Mr. Christian we would both agree

22    that that date may be subject to --

23             THE COURT:  Yes.

24             MR. OWENS:  -- a motion down the road --

25             THE COURT:  Right.

1          MR. OWENS:  -- as on any proceedings.

2          THE COURT:  June 8th, 2013 at two p.m.  I take it

3    that is acceptable to the Government?

4          MR. CHRISTIAN:  I am sorry, Your Honor, did you say

5    June 8th or June 18th?

6          THE COURT:  June 18th.

7          MR. CHRISTIAN:  Yes, Your Honor, that will be fine.

8          THE COURT:  I have entered a regular Sentencing

9    Order in this case, setting the sentencing date as June 18th,

10   2013 at two p.m.  The Order also sets other dates and

11   deadlines that are relevant to the sentencing process.

12   Obviously, the Defendant is required to be present for

13   sentencing on that date and at that time.  Do you understand,

14   Mr. Lohr?

15         THE DEFENDANT:  Yes, Sir.

16         THE COURT:  Any other matters we can productively

17   address today, Mr. Christian?

18         MR. CHRISTIAN:  No, Your Honor.

19         THE COURT:  Mr. Owens?

20         MR. OWENS:  No, Your Honor.

21         THE COURT:  The Defendant continued on -- well, he

22   was not previously placed on release.  He is now ordered

23   released on his own recognizance.  Counsels are excused.

24   Court is in recess.

25         MR. OWENS:  Thank you.

 1                                    (The document marked for

 2                                    identification as Government's

 3                                    Exhibit 1 was received in

 4                                    evidence.)

 5               (Whereupon, the hearing was concluded.)

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I certify that the foregoing is correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Karen Morganelli                    April 4, 2013
Karen Morganelli                             Date
Certified Transcriber
Certificate No.:  CET**D-577